UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LAURA SPRAGUE | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. **1:19-cv-01159** |
| | § | |
| UNITED STATES OF AMERICA | § | |
| Defendant. | § | |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

Laura Sprague, Plaintiff in the above-referenced action, files this Original Complaint against the Defendant United States of America, and would respectfully show the following:

### **I. JURISDICTION, VENUE, AND SERVICE OF PROCESS**

1.  This case arises under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., and 28 U.S.C. § 1346(b), for money damages as compensation for personal injuries that were caused by the negligent and wrongful acts and omissions of agents, servants, and/or employees of the United States of America, or some agency thereof, under such circumstances where the United States, if a private person, would be liable to Plaintiff in accordance with the laws of the State of Texas.

2.  Venue is appropriate in the District Court for the Western District of Texas pursuant to 28 U.S.C. §1402(b) because it is the judicial district where the acts and omissions complained of occurred.

3.  Plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 and fully exhausted her administrative remedies prior to filing this suit. On May 23, 2019, Plaintiff filed an Amended Standard Form 95 with the appropriate agency, the Department of the Army. The Department of the Army, through its attorney James Stephenson, acknowledged receipt of the

Amended Standard Form 95 and that the mandatory six month waiting period would expire on November 22, 2019. Because the agency has not made a final disposition of this claim and it is now past November 22, 2019, suit is ripe pursuant to 28 U.S.C. 2675(a).

4. Defendant United States of America may be served with process in accordance with FED R. CIV. P. 4(i)(1) by serving a copy of the Summons and Plaintiff's Original Complaint on John Bash, the United States Attorney for the Western District of Texas, by Certified Mail, Return Receipt Requested at his office, United States Attorney, Western District of Texas, 816 Congress Avenue, Suite 1000, Austin, Texas 78701, to the attention of the Civil Process Clerk, and by serving a copy of the Summons and Plaintiff's Original Complaint on William Barr, Acting Attorney General of the United States, by Certified Mail, Return Receipt Requested, at the Attorney General's Office, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, to the attention of the Civil Process Clerk.

## II. PARTIES

5. Plaintiff Laura Sprague is an individual residing in Marshall, Michigan.

6. Defendant is the United States of America.

## III. FACTS

7. Laura Sprague is married to Anthony Sprague and was the mother of two minor children on August 1, 2016. Prior to that date, Laura was diagnosed with morbid obesity and had a body weight at or near the time of surgery of 252.4 pounds. At the direction of her physicians, Laura underwent gastric sleeve surgery for weight loss at Carl Darnell Army Hospital in Fort Hood, Texas. It is recognized in science and medicine that this surgery can cause rapid weight loss and nausea and vomiting which in turn can lead to malnutrition and a thiamine deficiency which can cause brain damage. For this reason, the standard of care requires that healthcare providers

monitor patients for weight loss, symptoms of nausea and vomiting, and for basic blood chemistry measures in order to diagnose and treat thiamine deficiency before brain damage ensues.

      8.      In this case, Laura Sprague's medical records show that she had the following course: on August 10 at her first postop visit, her body weight had dropped to 235.8 pounds; by August 16, her body weight had dropped to 231 pounds; by August 22, her body weight had dropped to 227 pounds; on August 29, she was seen at the Fort Hood emergency room and her blood urea nitrogen had dropped to 4 (normal is 7 or above); by September 1, her body weight had dropped to 219.6 pounds; on September 2, Laura's blood urea nitrogen had dropped to 2; on September 5, Laura was seen at the emergency room for nausea and vomiting; on September 6, Laura's blood urea nitrogen was still low at 4; on September 8, Laura's blood urea nitrogen was measured at less than 2 in an office visit; on September 9, her body weight was measured to have dropped to 214 pounds; on September 10, her blood urea nitrogen was again measured and continued to be low at 3; on September 12 and on September 13, her blood urea nitrogen levels were measured again and were less than 2 and probably below a level where the laboratory could reliably measure it; on September 29, Laura's blood urea nitrogen was measured at 6; on September 30, 2016, Laura was seen by a psychiatrist who accused her of having psychosomatic symptoms at a time when her blood urea nitrogen was 3; on October 1, 2016, Laura's blood urea nitrogen was 2; and on October 8, 2016, Laura was seen in the emergency room and after resuscitation, her blood urea nitrogen was raised to 17 and her thiamine measured at 37, which is approximately one half of what would be expected for a woman of her age. She was transferred to Baylor Scott and White where she was treated with thiamine supplementation. By October 8, Laura's body weight was 207 pounds, meaning that she had lost 45 pounds in 72 days. The healthcare providers and physicians at Baylor Scott and White determined that she had suffered

multiple cerebral infarcts as a consequence of thiamine deficiency as a result of the surgery and nausea and vomiting.

9. Low blood urea nitrogen is caused by low protein levels. The persistent low blood urea nitrogen levels in Laura Sprague's case suggests that she is on a course toward starvation for lack of protein. The low blood urea nitrogen levels should have prompted reasonable and prudent physicians to order laboratory testing including a panel to measure vitamin levels in Laura's blood, which would have revealed low thiamine. The low protein levels, including low thiamine, would, could, and should have been treated. Had this treatment been given, Laura would not have sustained the brain damage diagnosed at Baylor Scott and White.

10. As a direct result of the defendant's negligence, Laura Sprague has suffered significant brain damage that has impaired her ability to perform activities of daily living, impaired her earning capacity, impaired her ability to provide household services to her husband and children, and impaired her ability to take care of herself.

## IV. CAUSE OF ACTION

11. The facts alleged as to the parties above are incorporated by reference.

12. Defendant United States of America, through its employees, agents, servants, and/or representatives, was negligent as follows: not suspecting low protein levels in this patient at high risk for low protein levels or malnutrition due to multiple factors including weight loss, nausea and vomiting, and low blood urea nitrogen; choosing not to test for low protein levels or evidence of malnutrition in this patient, which would have revealed low thiamine levels among other abnormalities; and choosing not to initiate appropriate treatment for low protein levels or malnutrition including correction of low thiamine levels.

13. The negligence of the employees, agents, servants, and/or representatives of the

Defendant United States of America proximately caused Plaintiff Laura Sprague's injuries and damages.

## V. DAMAGES

14. Plaintiff Laura Sprague seeks recovery of all damages permitted by Texas law as a result of Defendant's negligence. Specifically, Plaintiff seeks recovery of the following damages, for which he is entitled to recovery:

   a. Reasonable and necessary medical expenses in the past;

   b. Reasonable and necessary medical expenses that she will with reasonable probability suffer in the future;

   c. Loss of earning capacity and the value of her household services in the past;

   d. Loss of earning capacity that and the value of her household services she will with reasonable probability suffer in the future;

   e. Physical pain and mental anguish and physical and mental impairment that she has suffered in the past; and

   f. Physical pain and mental anguish and physical and mental impairment that she will with reasonable probability suffer in the future.

## VI. REQUEST FOR RELIEF

15. As a result of the foregoing, Plaintiff Laura Sprague respectfully requests that Defendant be cited to appear and answer herein; and that upon final trial and hearing hereof, that Plaintiff have judgment against Defendant for the amount of her actual damages; for such other and different amounts as she shall show by proper amendment before trial; for post-judgment interest at the applicable legal rate; for all costs of court incurred in this litigation; and for such other and further relief, at law and in equity, both general and special, to which she may show

herself to be entitled and as this Court deems just and proper.

                               **WINCKLER & HARVEY, L.L.P.**
                               4407 Bee Caves Road, Bldg. 2, Suite 222
                               Austin, Texas 78746
                               Telephone: (512) 306-1800
                               Facsimile: (512) 306-9442

By: _____
       Jay Winckler
       State Bar No. 21754400
       Email: jwinckler@wincklerharvey.com

       Jay Harvey
       State Bar No. 09179600
       Jharvey@wincklerharvey.com

       Reed Teckenbrock
       State Bar No. 00794724
       Email: reedteck@wincklerharvey.com

       Sean McConnell
       State Bar No. 24109419
       Email: smcconnell@wincklerharvey.com

       **ATTORNEYS FOR PLAINTIFF**